*Huston, James, for appellant.*
*Kinkead & Darnall, for appellees.*

---

F. S. TUPMAN *v.* F. DUCKER, &c.

**Fraudulent Conveyance—Assignment of Note.**

    Where a person procures the assignment of a note to himself, though it be not understood by the assignor, it being as security for advances made by the assignee, no fraud can be charged in the transaction.

**Deed—Conveyances—Lien—Laches.**

    In a deed by a grantor and his wife, no mention was made to the vendee of a lien retained in the prior deed conveying to the grantor said land. Held that the purchaser was guilty of laches in not ascertaining the existence of the prior lien retained in the former deed.

APPEAL FROM KENTON CIRCUIT COURT.

September 11, 1871.

Opinion of the Court by Judge Pryor:

We are of opinion that the proof presented by this record does not warrant the conclusion that Ducker was overreached by Tupman in the transaction resulting in the assignment by the former to the latter of the note due from Hall and wife. Possibly he may not have fully understood the legal effect of the written transfer, but there is no evidence tending to show that he was misled upon this point by any statement or representations made by appellant. In fact, he does not charge by his answer that he was, but merely claims that he signed the writing at the request of Tupman, he not being able to read it, and it not having been read, or explained to him by any person present.

As Tupman was advancing the money for the accommodation of an insolvent kinsman it was perfectly natural that he should have availed himself of the only security for the repayment of such advancement it was within his power to obtain. By becoming the purchaser of the note and having it assigned to him by the payee. He satisfied the creditor's claim, and became the owner of the note and the lien retained in the deed to secure its payment. That he took such steps to secure himself does not raise the slightest presumption of a fraudulent intent upon his part, and as to this branch of the case, it presents no defense to the action. Tupman, as assignee of the note, was in equity the owner of the lien reserved to secure its payment. And it was not within the power of Ducker and Hall and wife by a transaction subsequent to the assignment to deprive him of the benefit of this lien, and the conveyance by Hall and wife to Ducker of the house and lot did not have that effect. The note was still an incumbrance upon the property in the hands of Ducker, and Shroeder, his vendee, took it subject to such incumbrance.

The fact that the conveyance from Hall and wife to Ducker makes no mention of this note can not affect Tupman's rights, nor can the want of actual notice upon Shroeder's part protect him as against Tupman's lien. This lien was created by the original deed from Ducker to Hall and wife, and the recording of that deed was constructive notice of its existence to the world. If Shroeder failed to make a thorough investigation of the title to the property he was purchasing, it is not within the power of the courts to relieve him against the consequences of his own carelessness and folly.

From these conclusions it results that the judgment of the circuit court is erroneous. Wherefore, it is reversed and the cause remanded with instructions to enforce the lien retained in the deed from Ducker to Hall and wife to secure the payment of the note upon which this action is based and for proper proceedings.

*Ellis, for appellant.*
*J. W. Hampton, for appellee.*